| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Longsworth | Telephone: | (810) 766-5177 |
| | Task Force Officer: Monroe-ATF&E | Telephone: | (810) 341-5710 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Cameron Roshard Jones

Case: 4:22-mj-30171
Judge: Ivy, Curtis
Filed: 04-07-2022
IN RE SEALED MATTER (kcm)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 19, 2022__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c)(1) | Possession a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Kenneth Monroe, TFO-ATF&E
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __April 7, 2022__

_Judge's signature_

City and state: __Flint, Michigan__

Curtis Ivy, Jr., United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer Kenneth Monroe, being duly sworn, hereby depose and state as follows:

## *Introduction and Agent Background*

1. The purpose of this affidavit is to establish probable cause that Cameron Roshard Jones (DOB: XX/XX/1976) violated 18 U.S.C. § 924(c)(1)(a) (possession a firearm in furtherance of a drug trafficking crime) on or about March 19, 2022, in the Eastern District of Michigan.

2. I make this affidavit from personal knowledge based on the following: my participation in this investigation, including witnessing interviews by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, and information gathered through my training and experience. The information outlined below is for the limited purpose of obtaining a criminal complaint and an arrest warrant. I have not set forth every fact I have learned in this investigation.

3. I am currently employed by the Michigan State Police (MSP)

as a Detective Trooper and have been employed as a Trooper since 2010. I am currently assigned to as a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I am assigned to the Detroit, Michigan Field Division, Flint Field Office. I am tasked with investigating violations of firearms and narcotics laws. Before working with MSP, I was employed by as a police officer beginning in 2005 and worked for the Mundy Township Police Department, the Swartz Creek Police Department and the City of Burton Police Department. During my employment, I investigated numerous incidents involving drug trafficking, firearm possession, robberies, and homicides as well as violations of state and federal firearms laws.

## *Probable Cause*

4.     On March 19, 2022, troopers with the Michigan State Police conducted a traffic stop for a defective brake light and defective/excessively loud exhaust on a 2008 Ford Escape, on Dupont St. near Moore St. in the City of Flint, within the Eastern District of Michigan. The sole occupant and driver of the vehicle was Cameron Roshard Jones (DOB: XX-XX-1976). During the traffic stop, troopers learned that the vehicle was uninsured

according to the Michigan Secretary of State.

5.  Jones advised troopers that he had owned the vehicle for approximately four months. Jones informed the troopers that the vehicle was currently unregistered, and currently uninsured. Troopers then placed Jones under arrest for operating an uninsured vehicle. A search of Jones' person revealed a 10mm, Glock 29 semi-automatic pistol, with a belt clip attached to his belt. The pistol had a loaded magazine inserted into it and one round in the chamber. Troopers also located a pill bottle in Jones' left front pants pocket that contained approximately 1.5 grams of suspected crack cocaine and a digital scale with trace amounts of a white powder residue from the same pocket. The suspected cocaine was field-tested using the TruNarc system and indicated a positive result for cocaine.

6.  Troopers then searched Jones' Ford Escape and found more evidence:

- One tan drawstring bag on the front passenger seat that held numerous pill bottles—about half of which had the informational label removed. These pill bottles contained an assortment of prescription pills that were identified later using an open-source pill identification website. In total,

3

about 246 assorted prescription pills were recovered from the pill bottles, including pills with likely amounts of controlled substances such as hydrocodone, diazepam, clonazepam, amphetamine, and tramadol.

- One tan backpack with black trim on the rear driver's side passenger seat. This backpack was within reaching distance of the driver and contained these items:
    - One Smith and Wesson, model 642, .38 Special revolver, loaded with five live rounds in the cylinder;
    - Two Ruger 5.7 magazines loaded with live ammunition;
    - One Tan and Black Glock, model 26, 9mm pistol with an obliterated serial number;
    - One black Ruger, 5.7mm pistol, loaded with one live round in the chamber and loaded magazine inserted; and

A second, black backpack was located in the trunk/hatch area of the vehicle which contained the following:

- One Glock, model 44, .22 caliber pistol, with no round in the chamber and a loaded magazine inserted.

A subsequent Law Enforcement Information Network (LEIN) query revealed that the above-recovered Smith & Wesson revolver and the Ruger 5.7 pistol had previously been reported stolen.

7.  Based upon my training and experience, it is common for persons trafficking prescription pills to remove the labels from their bottles in an attempt to disguise the nature of the controlled substances. The total amount of pills (246) is also consistent with distribution of controlled substances in my experience.

8.  I have spoken with ATF Special Agent Dustin Hurt, who is recognized by ATF as having expertise in the interstate travel and manufacture of firearms. Special Agent Hurt advised the Glock, model 29, 10mm pistol, the Ruger 5.7mm pistol, the Smith & Wesson, model 642, .38 Special revolver, and the Glock, model 26, 9mm pistol with an obliterated serial number were all manufactured outside of the state of Michigan and are firearms as defined in Chapter 44, Title 18, United States Code.

9.  In March of 2022, I reviewed a Computerized Criminal History (CCH) of Jones, which revealed Jones has been convicted of the following felonies:

- May 2015 – Attempt-Weapons-carrying concealed;
- December 2016 – Weapons – Firearms - possession by a felon; and
- December 2016 – Weapons – Ammunition – possession by a felon.

5

## *Conclusion*

10. Based on the above, there is probable cause to believe that Jones possessed various controlled substances for the purpose of distributing them in violation of 21 U.S.C. § 841(a). While doing so, he had loaded firearms strategically located on his person and in his car for quick and easy use to protect his supply of drugs. Because he is a convicted felon, his possession of the firearms was also illegal. Based on all of this, there is probable cause to believe that Jones likely possessed a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), on March 19, 2022, in the Eastern District of Michigan.

Respectfully submitted,

_____
Kenneth Monroe
Task Force Officer, ATF&E

Sworn to before me and signed in my presence and/or by reliable electronic means on  April 7, 2022           .

_____
Curtis Ivy, Jr.
United States Magistrate Judge